The State (Smith, Prosecutor,) *v. s* Vandervere et al.

1. A *certiorari* in matter of highway brings into review the entire proceedings in laying out the road; as well the proceedings of the applicants and of the surveyors as the orders of the Court of Common Pleas.

2. Every defect in the proceedings is equally available, whether the objection was or was not made in the court below.

3. The proceedings will not be set aside because of the unfitness of a surveyor appointed by the Court of Common Pleas, if the question of his unfitness is referred to the discretion of that court.

*Certiorari* to the Somerset Pleas in matter of highway.

The cause was argued before the Chief Justice, and Elmer and Potts, Justices, by *H. V. Speer*, for plaintiff in *certiorari*, and by *Blauvelt*, for the defendant.

The Chief Justice delivered the opinion of the court.

The sole reason relied on for setting aside the return of the road is, that one of the surveyors appointed to view the road was disqualified to act.

It is objected on the part of the defendant in *certiorari*, that the plaintiff cannot avail himself of this exception, because it was not taken before the Court of Common Pleas at the time of making the appointment. The objection proceeds upon the broad ground, that the sole office of the writ of *certiorari* in matters of highway is to review the legality of the decisions of the Court of Common Pleas, and that no reason for reversal is available in this court, unless the matter has been considered and decided in the court below. This is a mistaken view of the office of the writ. The *certiorari* brings into review in this court the whole proceedings in laying out the road. Their validity, at every stage, may be examined into, except so far as they are exempt from review in this court by the express provision of the statute. It is a special statutory proceeding, affecting the rights of the landholder, in which the actors proceed at their peril. Every step of the process must appear to have been in compliance with the

G

statute, or the whole proceeding will be set aside.  It is totally immaterial whether the question has been raised in the court below.  It is the proceeding itself, not the adjudication of the court, that is brought under review.  In the *State* v. *Scott*, 4 *Halst.* 18, Ch. Justice Ewing, delivering the opinion of the court, said, " By the writ of *certiorari*, are brought here the order of the court for recording the return of the road, and all the previous proceedings on which it is founded; and if in the orders of the Court of Common Pleas, or in the proceedings of the applicants or the surveyors, other than those in which the decision of the court or the surveyors is declared by the statute to be final and conclusive, substantial defects are found, the return of the road and the recording of it will be set aside."

The invariable practice under the road act has been in accordance with this view of the law.  The books abound with cases where the objection is first raised, and proofs in support of its existence are first taken, in this court. Instances of this kind may be found in *The State* v. *Shreve*, 1 *South.* 296; *The State* v. *Scott*, 4 *Halst.* 17; *Th. State* v. *Hutchinson*, 5 *Halst.* 242; *The State* v. *Burnet*, 2 *Green* 385; *The State* v. *Hall*, 2 *Harr.* 375; *The State* v. *Vanbuskirk*, 1 *Zab.* 86.

The case of *Biddle* v. *Dancer*, *Spenc.* 234, is relied upon as supporting a contrary doctrine.  The *certiorari* in that case was brought, not by the caveators to set aside the return of the road, but by the applicants to set aside the certificate of the freeholders appointed to review the road, and who had certified that the road was unnecessary.  The report of the freeholders being admitted to be defective in substance, the defendants in *certiorari* attempted to draw in question the validity of the proceedings of the surveyors.  The court assigned, as a reason why their regularity should not be inquired into, that the exceptions were not taken in the Court of Common Pleas. Admitting the decision to have been correct, the reason

assigned is erroneous. In reviewing the proceedings in laying out a highway, every defect is equally available, whether the exception was raised or not in the court below. The landholder is strictly no party to the proceedings until the *caveat* is filed.

This brings us to the inquiry, whether the objection urged is fatal. It is said that one of the surveyors was disqualified to act, because, on a former occasion, he had been a petitioner for the road. It appears, by the evidence, that a road substantially the same with the present had been laid out in the year 1850, which was subsequently vacated. For that road, one of the surveyors appointed by the court in this case, had been a petitioner. The act provides that no surveyor shall be appointed through whose land the road runs, or whom the court, for any reason which they deem sufficient, think ought not to be appointed. The only positive disqualification is that of being a landholder on the line of the road. Every other unfitness is referred to the discretion of the court. If the objection to the surveyor was made at the time of the appointment, the court exercised its discretion, and we have no right to interfere.

The party is certainly placed in no better position by omitting to raise the objection at the time of the appointment.

The proceedings must be affirmed.

Cited in *Parsell* v. *State*, 1 *Vr.* 547; *Powell* v. *Hitchner*, 3 *Vr.* 215.